ROGERS v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. February 4, 1903.)

No. 2,858.

1. CUSTOMS DUTIES—GAUGE GLASSES.

Gauge glasses, consisting of sections of glass tubes ready for mounting, made by a workman inserting a hollow iron rod into a pot of molten glass, and blowing a bulb from the glass adhering to the rod, and again dipping the bulb into the pot to secure the adherence of enough more glass to draw out the tube to the required length, is "blown glassware," within Tariff Act 1897, par. 100 (Act July 24, 1897, 30 Stat. 157 [U. S. Comp. St. 1901, p. 1633]), and taxable thereunder, and not under paragraph 112, 30 Stat. 158 [U. S. Comp. St. 1901, p. 1634], as manufactures of glass not specially provided for.

Appeal from the Circuit Court of the United States for the Southern District of New York.

For opinion below, see 115 Fed. 233.

This cause comes here on appeal from a decision of the Circuit Court, Southern District of New York, affirming a decision of the board of general appraisers which affirmed a decision of the collector of the port of New York.

Albert Comstock, for appellant.

J. Frank Lloyd, for the United States.

Before WALLACE, LACOMBE, and COXE, Circuit Judges.

PER CURIAM. The merchandise in issue is gauge glasses. They are sections of glass tubes, entirely finished so far as any further work of the glassmaker is concerned, and ready to be mounted into a construction of which they form a factor, permanently connected with metallic and rubber portions, for the gauging of liquids in closed vessels, to which the constructions are attached. The collector classi-

fied them under paragraph 100 of the tariff act of 1897, Act July 24, 1897, 30 Stat. 157 [U. S. Comp. St. 1901, p. 1633], which reads:

"Par. 100. Glass bottles, decanters, or other vessels or articles of glass, cut, engraved, painted, colored, stained, silvered, gilded, etched, frosted, printed in any manner or otherwise ornamented, decorated, or ground (except such grinding as is necessary for fitting stoppers), and any articles of which such glass is the component material of chief value, and porcelain, opal and other blown glassware; all the foregoing, filled or unfilled, and whether their contents be dutiable or free, sixty per centum ad valorem."

The importer contends that they are dutiable under paragraph 112, 30 Stat. 158 [U. S. Comp. St. 1901, p. 1634], which reads:

"Par. 112. Stained or painted glass windows, or parts thereof, and all mirrors, not exceeding in size one hundred and forty-four square inches, with or without frames or cases, and all glass or manufactures of glass or paste, or of which glass or paste is the component material of chief value, not specially provided for in this act, forty-five per centum ad valorem."

The Circuit Court held that they are complete glass tubes, and as such are a commercial article of glassware. We are entirely satisfied with the reasoning and conclusion of the opinion below, and would not find it necessary to write anything, were it not that such opinion contains the statement, "The contention that the articles were not blown was not pressed at the hearing." That contention is pressed here.

The process of manufacture is as follows: A workman inserts a hollow iron rod into a pot of molten glass. The glass adheres to the rod when he withdraws it. He then puts the mouthpiece of the rod to his mouth, and gives a puff through it, which makes a bubble in the center of the bulb of glass, giving the required diameter. The bulb is again dipped in the pot to secure the adherence of enough more glass to draw out the tube to the required length. It is then drawn, and the air which has been blown in keeps the core hollow and of the original diameter until the process of drawing is completed. The importer's own witness testified that the hollow is created by blowing; otherwise when drawn out the glass would be a solid rod, not a hollow tube. Upon this evidence, we are of the opinion that the article produced is "blown glassware."

The decision of the Circuit Court is affirmed.